JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kevin Carpenter, 317 Taylor Terrace, Chester PA 19013

**DEFENDANTS**

GEO Secure Services, LLC., 621 NW 53rd Street, Suite 700 Boca Raton, FL 33487

**(b)** County of Residence of First Listed Plaintiff _Delaware_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _Delaware_
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James D. Famiglio, 811 N. Providence Road, Media, PA 19063

Attorneys *(If Known)*
Matthew H. Fry, Esq., 21 W. Front Street, Media, PA 19063

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1983
Brief description of cause:
Civil Rights Violation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
Jun 25, 2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew H. Fry, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kevin Carpenter | : | CIVIL ACTION |
| v. | : | |
| GEO Secure Services, LLC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x )

| | | |
|---|---|---|
| June 25, 2021 | Matthew H. Fry, Esquire | GEO Secure Services, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-565-5700 | 610-891-0652 | mfry@dioriosereni.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Kevin Carpenter, 317 Taylor Terrace, Chester PA 19013 _____

Address of Defendant: _____ GEO Secure Services, LLC., 621 NW 53rd St, Boca Raton FL 33487 _____

Place of Accident, Incident or Transaction: _____ Delaware County, PA _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/25/2021 _____   Matthew H. Fry, Esquire _____   83131 _____
                                  *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**     *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

**B.**     *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                              *Sign here if applicable*
                          *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN CARPENTER**<br>317 Taylor Terrace<br>Chester , PA 19013 | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | No.: |
| v. | : | |
| | : | |
| **GEO SECURE SERVICES, LLC**<br>621 NW 53rd Street, Suite 700<br>Boca Raton, FL 33487 | : | **NOTICE OF REMOVAL** |
| | : | |
| and | : | |
| | : | |
| **CORRECTION OFFICER, T. JONES**<br>c/o George W. Hill Correctional Facility<br>500 Cheyney Road<br>Thornton, PA 19373 | : | |
| | : | |
| and | : | |
| | : | |
| **CORRECTION OFFICER,<br>SERGEANT S. JONES**<br>c/o George W. Hill Correctional Facility<br>500 Cheyney Road<br>Thornton, PA 19373 | : | |
| | : | |
| and | : | |
| | : | |
| **CORRECTION OFFICER, JOHN DOE 1**<br>c/o George W. Hill Correctional Facility<br>500 Cheyney Road<br>Thornton, PA 19373 | : | |
| | : | |
| And | : | |
| | : | |
| **CORRECTION OFFICER, JOHN DOE 2**<br>c/o George W. Hill Correctional Facility<br>500 Cheyney Road<br>Thornton, PA 19373 | : | |
| **Defendants.** | : | |

**TO:    THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendant, GEO Secure Services, LLC, by and through its attorneys, Robert M. DiOrio and Matthew H. Fry, give notice of removal of the above-captioned action from the Court of Common Pleas of Delaware County, Pennsylvania, in which this action is now pending, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§1331, 1443, and 1446, and in support thereof aver as follows:

1.     Plaintiff commenced this civil action by filing a Complaint on May 25, 2021. A true and correct copy of the Plaintiff's Complaint is attached as Exhibit "A".

2.     Defendant GEO Secure Services, LLC was served with the Complaint on June 4, 2021 and Defendant has filed this Notice of Removal with 30 days of service of the Complaint, and thus this removal is timely pursuant to 28 U.S.C. §1441(e) and 28 U.S.C. §1446. A true and correct copy of the docket entries from the action filed in Delaware County Court of Common Pleas is attached hereto as Exhibit "B".

3.     Plaintiff, Kevin Carpenter, has raised §1983 federal civil rights claims in his Complaint and thus this Court has original jurisdiction and this case is subject to removal pursuant to 28 U.S.C. §1331 and §1443(2). *See* Exhibit "A".

4.     The entire record from the State Court is attached, which consists of Exhibit "A", Plaintiff's Complaint.

**WHEREFORE**, Defendant hereby gives notice of removal of the above action now pending in the Court of Common Pleas of Delaware County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. This action will proceed in this

Court as an action properly removed thereto.

**DiORIO & SERENI, LLP**

**DATE:** June 25, 2021                    **BY:**    /s/ Robert M. DiOrio
                                                                **ROBERT M. DiORIO, ESQ.**
                                                                Attorney ID No.: 17838

                                                                /s/ Matthew H. Fry
                                                                **MATTHEW H. FRY, ESQ.**
                                                                Attorney ID No.: 83131
                                                                DiOrio & Sereni LLP
                                                                P.O. Box 1789
                                                                Media, PA 19063

# EXHIBIT "A"

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW
### ARBITRATION NOTICE

Kevin Carpenter,
      Plaintiff

v.

GEO Secure Services, LLC et al,
      Defendant.

No. CV-2021-004692



This is to notify you that an Arbitration is scheduled for:

**02-22-2022**

**9:30 AM**

## ATTENTION

Please report to the Arbitration Assembly Room, Delaware County Courthouse, Media, Pennsylvania. No further notice of the trial date will be given.

This matter will be heard by a Board of Arbitrators at the time, date, and place specified above but if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a Judge of the Court without the absent party or parties. There is no right to a trial de novo or appeal from a decision entered by a Judge.

All pretrial motions with the exception of continuance applications must be filed thirty (30) days prior to the hearing date under Delaware County Local Rule 1303 (f).

---

## Notice of Language Rights



Language Access Coordinator
Delaware County Courthouse, 201 West Front Street, Media, PA, 19063
610-891-4633
LanguageAccessCoordinator@co.delaware.pa.us

**English:** You have the right to an interpreter at no cost to you. To request an interpreter, please inform court staff using the contact information provided at the top of this notice.

**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para solicitar un intérprete favor de informárselo al personal judicial utilizando la información provista en la parte superior de este aviso.

**Vietnamese/Tiếng Việt:** Quý vị có quyền được một thông dịch viên giúp mà không tốn chi phí nào cả, xin hãy báo cho nhân viên tòa án dùng thông tin liên lạc có ở trên đầu thông báo này.

**French/Français :** Vous avez le droit de bénéficier gratuitement de l'assistance d'un interprète. Pour en faire la demande, veuillez en informer le personnel du tribunal à l'aide des coordonnées indiquées en haut de page.

**Punjabi/ ਪੰਜਾਬੀ /India:** ਤੁਹਾਨੂੰ ਇਕ ਦੁਭਾਸ਼ੀਆ ਹਾਸਲ ਕਰਨ ਦਾ ਹੱਕ ਹੈ, ਜਿਸ ਦੀ ਤੁਹਾਨੂੰ ਕੋਈ ਲਾਗਤ ਨਹੀਂ ਲੱਗੇਗੀ। ਦੁਭਾਸ਼ੀਏ ਲਈ ਬੇਨਤੀ ਕਰਨ ਵਾਸਤੇ, ਕਿਰਪਾ ਕਰ ਕੇ ਅਦਾਲਤ ਦੇ ਅਮਲੇ ਨੂੰ ਜਾਣੂ ਕਰਵਾਓ ਤੇ ਇਸ ਲਈ ਇਸ ਨੋਟਿਸ ਦੇ ਸਖਿਰ ਉੱਤੇ ਦਿੱਤੀ ਸੰਪਰਕ ਜਾਣਕਾਰੀ ਦਾ ਇਸਤੇਮਾਲ ਕਰੋ।

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**
**ARBITRATION NOTICE**

**Bengali / বাংলা:** আপনার বিনামূল্যে একজন দোভাষী পাবার অধিকার আছে। একজন দোভাষী পাবার জন্য এই বিজ্ঞপ্তির ওপরে দেওয়া যোগাযোগ বিবরণী ব্যবহার করে আদালতের কর্মচারীদের সঙ্গে যোগাযোগ করুন।

FILED
05-25-2021 02:51 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet

DELAWARE _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| Kevin Carpenter | GEO Secure Services, LLC |

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested:
(check one)
☒ within arbitration limits
☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No   **Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: James D. Famiglio, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

Law Offices
JAMES D. FAMIGLIO, P.C.
811 N. Providence Road
Media, Pennsylvania 19063
610-359-9220
By: James D. Famiglio, Esquire
I.D. No. 51101

Attorney for Plaintiff

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
CIVIL ACTION - LAW

KEVIN CARPENTER                              :
317 Taylor Terrace                           :
Chester, PA 19013                            :
                Plaintiff,      :
                        :
        v.                         :     No.
                        :
GEO SECURE SERVICES, LLC                     :
621 NW 53rd Street, Suite 700                :
Boca Raton, FL 33487                         :
                        :
       and                        :
                        :
CORRECTION OFFICER, T. JONES                 :
c/o George W. Hill Correctional Facility     :
500 Cheyney Road                             :
Thornton, PA 19373                           :
                        :
       and                        :
                        :
CORRECTION OFFICER,                          :
SERGEANT S. JONES                            :
c/o George W. Hill Correctional Facility     :
500 Cheyney Road                             :
Thornton, PA 19373                           :
                        :
       and                        :
                        :
CORRECTION OFFICER, JOHN DOE 1               :
c/o George W. Hill Correctional Facility     :
500 Cheyney Road                             :
Thornton, PA 19373                           :
                        :
       and                        :
                        :
CORRECTION OFFICER, JOHN DOE 2               :
c/o George W. Hill Correctional Facility     :
500 Cheyney Road                             :
Thornton, PA 19373                           :
               Defendants.      :

## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance, personally or by attorney, and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice, for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff(s).  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Front & Lemon Streets, Media, PA 19063
610-566-6625

Law Offices
JAMES D. FAMIGLIO, P.C.
811 N. Providence Road
Media, Pennsylvania  19063
610-359-9220
By:  James D. Famiglio, Esquire
I.D. No. 51101

Attorney for Plaintiff

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PA
## CIVIL ACTION - LAW

**KEVIN CARPENTER**                          :
317 Taylor Terrace                               :
Chester, PA  19013                              :
                       **Plaintiff,**     :
                                 :
       **v.**                                          :     **No.**
                                 :

**GEO SECURE SERVICES, LLC**         :
621 NW 53rd Street, Suite 700             :
Boca Raton, FL  33487                         :
                                 :

       **and**                                        :

**CORRECTION OFFICER, T. JONES**  :
c/o George W. Hill Correctional Facility    :
500 Cheyney Road                              :
Thornton, PA 19373                            :
                                 :

       **and**                                        :

**CORRECTION OFFICER,**               :
**SERGEANT S. JONES**                   :
c/o George W. Hill Correctional Facility    :
500 Cheyney Road                              :
Thornton, PA 19373                            :
                                 :

       **and**                                        :

**CORRECTION OFFICER, JOHN DOE 1**  :
c/o George W. Hill Correctional Facility    :
500 Cheyney Road                              :
Thornton, PA 19373                            :
                                 :

       **and**                                        :

**CORRECTION OFFICER, JOHN DOE 2**  :
c/o George W. Hill Correctional Facility    :
500 Cheyney Road                              :
Thornton, PA 19373                            :
                     **Defendants.**    :

## COMPLAINT

1.      Plaintiff, Kevin Carpenter, is an adult individual who resides at the address referenced above.

2.      Defendant, GEO Secure Services, LLC (hereinafter referred to as "GEO Secure"), is a corporation or other entity organized and existing under and by virtue of the laws of the State of Florida with a business address referenced above. At all times relevant hereto, Defendant, GEO Secure, was an indirect or direct subsidiary of Defendant, GEO Group.

3.      Defendant, GEO Secure, is a private for-profit operator and/or lessee of correctional facilities. At all times relevant hereto, Defendant, GEO Secure, and/or its subsidiaries, parent corporations, successors in interest, or predecessors in interest, leased and operated the Prison, located in Delaware County, Pennsylvania. At no time relevant hereto was Defendant, GEO Secure, a municipality, political subdivision, or agency of the Commonwealth of Pennsylvania.

4.      Defendant, Correction Officer, T. Jones (hereinafter referred to as "T. Jones"), was an employee of and was working at George W. Hill Correctional Facility on or about December 1, 2020 and has a business address located at the address referenced above.

5.      Defendant, Correction Officer, Sergeant S. Jones (hereinafter referred to as "S. Jones"), was an employee of and was working at George W. Hill Correctional Facility on or about December 1, 2020 and has a business address located at the address referenced above.

6.      Defendant, Correction Officer, John Doe 1 (hereinafter referred to as "Doe 1"), was an employee of and was working at George W. Hill Correctional Facility on or about December 1, 2020 and has a business address located at the address referenced above.

7.      Defendant, Correction Officer, John Doe 2 (hereinafter referred to as "Doe 2"), was an employee of and was working at George W. Hill Correctional Facility on or about December 1, 2020 and has a business address located at the address referenced above.

## COUNT I
## NEGLIGENCE
## Plaintiff v. All Defendants

8.      Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

9.      On or about December 1, 2020, Defendant, GEO Secure, did possess, control operate, manage and/or ran the daily operations of the Prison, which at that time had as their agents, servants, workmen and/or employees, Defendants, T. Jones, S. Jones, Doe 1, and Doe 2, for the purpose of engaging in their business of providing private business services and/or acting within the scope of their employment.

10.     Defendants, each of them, by and through their agents, servants, workmen or employees did possess and/or had under their care, direction, supervision, control and custody and were responsible for the daily operations of the George W. Hill Correctional Facility (hereinafter referred to as "the Prison").

11.     On or about December 1, 2020, Plaintiff  was an inmate at the Prison.

12.     On or about December 1, 2020, Plaintiff was an inmate at the Prison, in particular, housed in SMU 3B, Cell 201.  Upon entering the cell, while in full restraints, he was attacked, assaulted and maced by several officers without any provocation or cause. Plaintiff was violently and brutally caused to suffer physical harm with great force by agents, servants, workmen and/or employees of all Defendants, and in particular, but not limited to, by Defendants, T. Jones, S. Jones, Doe 1, and Doe 2, whom at that time were acting as agents, servants, workmen or employees in their capacity as corrections officers at the Prison.  They physically harmed Plaintiff with great force by striking him on various parts of his body, choking him, shoving him, and causing him to fall to the ground.  As a result of same, Plaintiff sustained severe personal injuries hereinafter more particularly described.  At the time of the assault, Plaintiff was in his cell at the Prison.

13.     The physical harm suffered by Plaintiff, committed by Defendant's, each of them, by and through their agents, servants, workmen and/or employees as aforesaid, was in no manner whatsoever due to any act or failure to act upon the part of Plaintiff.

14.     The damages hereinafter set forth were caused by the negligence of all Defendants and their agents, servants, workmen and/or employees, each and all of them, generally and in the following particulars:

(a)     Negligently performing their duty to protect Plaintiff from criminal acts of agents, servants, workmen or employees while he was an inmate on the grounds of the Prison;

(b)     Failure to protect Plaintiff from physical harm caused by accidental harmful acts of agents, servants, workmen or employees while he was an inmate on the grounds of the Prison;

(c)     Failure to protect Plaintiff from physical harm caused by negligent, harmful acts of agents, servants, workmen or employees while he was an inmate on the grounds of the Prison;

(d)     Failure to protect Plaintiff from physical harm caused by intentional harmful acts of agents, servants, workmen or employees while he was an inmate on the grounds of the Prison;

(e)     Failure of Defendants as the possessors, controllers and operators of the Prison to exercise reasonable care to discover that such harmful acts as stated above were likely to be committed or were committed;

(f)     Failure of Defendants as possessors, controllers and operators of the Prison to give adequate warning to enable Plaintiff to avoid the harm or otherwise protect himself against the harm;

(g)     Failure of Defendants to employ or engage as their agents, servants, and/or workmen, properly trained correction officers;

(h)     Failure of Defendants to warn Plaintiff of the danger that agents, servants, workmen and/or employees acting as correction officers could commit the harm as aforesaid;

(i)     Failure of Defendants to intervene to stop the harm as aforesaid;

(j)     Failure of Defendants to have as agents, servants, workmen, employees and/or correction officers who could have controlled the action of the parties referred to above who committed the harm upon the Plaintiff, and thereby preventing the harm upon the Plaintiff;

(k)     Negligently hiring or otherwise having as agents, servants, workmen and/or employees adult individuals with propensities for committing violent acts and/or inflicting mental distress on third parties, including the Plaintiff;

6

(l)     Negligently hiring, contracting with or otherwise using as agents, servants, workmen and/or employees companies and/or adult individuals with a record of demonstrating violence and aggression;

(m)    Negligently hiring, contracting with or otherwise using as agents, servants, workmen and/or employees adult individuals with a criminal history and/or a criminal record of demonstrating violence and aggression; and

(n)    Permitting individuals upon the premises of the Prison with propensities for doing violence and/or inflicting mental distress upon third parties, including the Plaintiff.

15.    Defendants, each of them, had actual knowledge, notice, or should have known that their agents, servants, workmen and/or employees, including Defendants, T. Jones, S. Jones, Doe 1, and Doe 2, had in the past displayed conduct that was reckless, violent and/or aggressive, and therefore, had the opportunity and ability to exercise control over their agents, servants, workmen and/or employees, Defendants, T. Jones, S. Jones, Doe 1, and Doe 2, in a manner that would protect third parties, including the Plaintiff, from injuries.

16.    Defendants, each of them, failed to exercise normal and reasonable care, skill and diligence, and were therefore negligent in performing their duties to supervise and control the conduct of their employees in one or more of the following manners:

(a)     Entrusting its agents, servants, workmen and/or employees, Defendants, T. Jones, S. Jones, Doe 1, and Doe 2, with correction officer responsibilities for the Prison;

(b)     Defendants, each of them, in the exercise of reasonable care, knew or should have known, that such conditions as aforesaid, were dangerous and would lead to injuries to third parties, including the Plaintiff;

(c)     Failing to prevent their agents, servants, workmen and/or employees, Defendants, T. Jones, S. Jones, Doe 1, and Doe 2, from becoming reckless, violent and aggressive, despite having actual knowledge and/or notice that their agents, servants, workmen and/or employees, Defendants, had previously acted recklessly, violently and/or aggressively toward third parties;

(d)     Failing to properly supervise their agents, servants, workmen and/or employees, Defendants, T. Jones, S. Jones, Doe 1, and Doe 2;

7

     (e)     Failing to properly train their agents, servants, workmen and/or employees, Defendants, T. Jones, S. Jones, Doe 1, and Doe 2, on the proper use of their authority as correction officers, the proper techniques for investigating, the proper use of physical force, and the proper way to constrain an individual under the circumstances as aforesaid; and

     (f)     Defendants, each of them, failing to use reasonable care, skill and diligence when hiring Defendants, T. Jones, S. Jones, Doe 1, and Doe 2, as correction officers at the Prison.

17.     The harmful acts as specified above were foreseen and anticipated or should have been foreseen and anticipated by Defendants.

18.     As a direct and proximate result of the Defendants' negligence, each of them, Plaintiff sustained injuries in and around his body, serious impairment of bodily functions and/or permanent serious disfigurement; he suffered scarring and other permanent damage to the skin, he suffered bruises, contusions and a tearing and stretching to various muscles, ligaments, tendons, vascular, nerve and other soft tissues in and about the area of his head, face, neck, shoulders, back, arms, legs, ankles and feet; he suffered injuries to his right eye including bruising and cuts, abrasions to his neck, injury to his back and injury to his wrist; and if, at the time of the accident, the Plaintiff was suffering from any pre-existing condition or ailment, such were asymptomatic; and, as a result of the trauma, such condition or ailment was activated, aggravated, exacerbated and made symptomatic; he suffered a severe shock to his nerves and nervous system; all of which did and may and probably will in the future, continue to, cause him great physical pain and mental anguish; and these injuries may and probably will be permanent in effect.

19.     Further, by reason of the aforesaid, Plaintiff has been obliged to expend various sums of money for medicine and medical attention in about endeavoring to treat and cure himself of his said injuries, and will be obliged to spend additional sums of money for the same purposes in the future, all to his great financial damage and loss.

20.     As a further result of the accident and the injuries sustained therein, Plaintiff has and/or may suffer an impairment of his earnings and earning capacity and power.

21.     As a direct result of the incident aforesaid, Plaintiff has and may hereinafter incur, additional financial and/or medical expenses or losses.

8

22.     Plaintiff avers that his injuries and damages sustained were caused solely as a direct result of the negligence, carelessness and recklessness of all Defendants.

WHEREFORE, Plaintiff claims compensatory and punitive damages from the Defendants, each of them, jointly and severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), plus costs.

**COUNT II**
**ASSAULT AND BATTERY**
**Plaintiff v. All Defendants**

23.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

24.     On or about December 1, 2020, at the Prison, Defendants, each of them, by and through their agents, servants workmen and/or employees, and in particular, Defendants, T. Jones, S. Jones, Doe 1 and Doe 2, acting within the scope of their authority, did without any provocation or cause, violently and brutally assault and batter the Plaintiff with great force by striking him in the face, legs, and ankles, and other various parts of his body, causing him to fall to the ground, and as a result of same, he sustained severe personal injuries hereinafter more particularly described.

25.     On or about December 1, 2020, at the Prison, Defendants, each of them, by and through their agents, servants workmen and/or employees, and in particular, Defendants, T. Jones, S. Jones, Doe 1 and Doe 2, acting within the scope of their authority, did without any provocation or cause, violently and brutally assault and batter the Plaintiff with great force by striking him in the face, legs, and ankles, and other various parts of his body, causing him to fall to the ground, and as a result of same, he sustained severe personal injuries hereinafter more particularly described.

26.     The assault and battery committed by Defendants, each of them, by and through their agents, servants, workmen and/or employees, and in particular, Defendants, T. Jones, S. Jones, Doe 1 and Doe 2, upon the person of Plaintiff were in no manner whatsoever due to any act or failure to act upon the part of the Plaintiff.

27.     As a direct and proximate result of the Defendants' negligence, each of them, Plaintiff sustained injuries in and around his body, serious impairment of bodily functions and/or permanent serious disfigurement; he suffered scarring and other permanent damage to the skin, he suffered bruises, contusions and a tearing and stretching to various

9

muscles, ligaments, tendons, vascular, nerve and other soft tissues in and about the area of his head, face, neck, shoulders, back, arms, legs, ankles and feet; he suffered injuries to his right eye including bruising and cuts, abrasions to his neck, injury to his back and injury to his wrist; and if, at the time of the accident, the Plaintiff was suffering from any pre-existing condition or ailment, such were asymptomatic; and, as a result of the trauma, such condition or ailment was activated, aggravated, exacerbated and made symptomatic; he suffered a severe shock to his nerves and nervous system; all of which did and may and probably will in the future, continue to, cause him great physical pain and mental anguish; and these injuries may and probably will be permanent in effect.

28.    Further, by reason of the aforesaid, Plaintiff has been obliged to expend various sums of money for medicine and medical attention in about endeavoring to treat and cure himself of his said injuries, and will be obliged to spend additional sums of money for the same purposes in the future, all to his great financial damage and loss.

29.    As a further result of the incident and the injuries sustained therein, Plaintiff has and/or may suffer an impairment of his earnings and earning capacity and power.

30.    The tortious conduct in the form of assault and battery that was committed by Defendants, each of them, acting as agent, servant, workman and/or employees of all Defendants, was egregious and oppressive and amounted to outrageous conduct, justifying the imposition of punitive damages.

31.    As a direct result of the incident and the injuries sustained therein, Plaintiff has, and may hereinafter, incur additional financial and/or medical expenses or losses.

32.    Plaintiff avers that his injuries and damages sustained were caused solely as a direct result of the negligence, carelessness and reckless of all Defendants.

WHEREFORE, Plaintiff claims compensatory and punitive damages from the Defendants, each of them, jointly and severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), plus costs.

### COUNT III
### Civil Rights - 42 U.S.C. § 1983
### Plaintiff v. All Defendants

33.    Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

10

34.     This Count is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Eighth and fourteenth  Amendmenst to the United States Constitution.

35.     As a direct and proximate result of said acts of the Defendants as described above, each of them, Plaintiff suffered the following injuries and damages:

      (a)     violation of his constitutional rights under the Fourth, Eight and Fourteenth Amendments to the United States Constitution, including the right to be free from cruel and unusual punishment and the free from the excessive use of force; and

      (b)     physical pain and suffering and emotional trauma and suffering.

36.     The actions of the Defendants, each of them, violated the following clearly established and well-settled federal constitutional rights of Plaintiff:

      (a)     Freedom from cruel and unusual punishment and from the use of excessive, unreasonable, and unjustified force against his person.

37.     Defendants, T. Jones, S. Jones, Doe 1 and Doe 2, used unnecessary, unreasonable, willful and malicious, and therefore, excessive force, thereby violating Plaintiff's rights under the laws of the Constitution of the United States, in particular, the Fourth Amendment, and his rights under the Constitution and laws of the Commonwealth of Pennsylvania.

38.     The Defendants are being sued individually and in their official capacities.

39.     The acts of Defendants, each of them, were committed while they were acting under color of state law.

WHEREFORE, Plaintiff claims compensatory and punitive damages from the Defendants, each of them, jointly and severally, in an amount not in excess of Fifty Thousand Dollars ($50,000.00), plus costs, which sum includes, but is not limited to:

      (a)     a compensatory award;

      (b)     reasonable attorney's fees and costs;

      (c)     damages for pain and suffering; punitive damages; and

(d)  such further and other relief as reasonable and just as recoverable under 42 U.S.C. § 1983.

Law Offices
JAMES D. FAMIGLIO, P.C.

By:  *James D. Famiglio*

JAMES D. FAMIGLIO, ESQUIRE
*Attorney for Plaintiff*

Dated:  5/25/21

## <u>VERIFICATION</u>

I, James D. Famiglio, Esquire, verify that I am the attorney for Plaintiff in the within matter and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Law Offices
JAMES D. FAMIGLIO, P.C.

By:   *James D. Famiglio*

JAMES D. FAMIGLIO, ESQUIRE
*Attorney for Plaintiff*

Dated:  5/25/21

FILED
05-25-2021 02:14 PM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA



# EXHIBIT "B"

  C-Track Public Access      PUBLIC USER ⌄      🔍 Case Search

HOME      SEARCH ⌄

# Case View CV-2021-004692

## Details

| | |
|---|---|
| Case Number | CV-2021-004692 |
| Title | Carpenter v. GEO Secure Services, LLC et al |
| Classification | Civil - Tort - Premises Liability |
| Filed Date | 05/25/2021 2:14 PM |

PARTIES      DOCKET ENTRIES      JUDGMENTS      ASSESSMENTS      RECEIPTS

| Docket Entry Filed Date and Time ↑ | Docket Entry Subtype | Docket Entry Description | Filer | |
|---|---|---|---|---|
| 05/25/2021 2:14 PM | Complaint | Complaint {E-FILED} | Carpenter, Kevin | 📄 |
| 05/25/2021 2:14 PM | Entry of Appearance | Entry of Appearance of James D. Famiglio, Esquire for Plaintiff {E-FILED} | Carpenter, Kevin | 📄 |
| 05/25/2021 2:51 PM | Arbitration Case Initiated | Arbitration Case Initiated | | |
| 05/25/2021 2:51 PM | Receipt | Receipt #000410555 for $297.25 paid for by JAMES FAMIGLIO | | 📄 |
| 05/25/2021 2:51 PM | Arbitration Date | Arbitration Hearing Scheduled for 02-22-2022 | | 📄 |

1-5 of 5      ‹   ›



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **KEVIN CARPENTER** | : |
| 317 Taylor Terrace | : |
| Chester , PA 19013 | : |
| | : |
| **Plaintiff,** | : |
| | :   No.: |
| v. | : |
| | : |
| **GEO SECURE SERVICES, LLC** | : |
| 621 NW 53rd Street, Suite 700 | :   **NOTICE OF REMOVAL** |
| Boca Raton, FL 33487 | : |
| | : |
| and | : |
| | : |
| **CORRECTION OFFICER, T. JONES** | : |
| c/o George W. Hill Correctional Facility | : |
| 500 Cheyney Road | : |
| Thornton, PA 19373 | : |
| | : |
| and | : |
| | : |
| **CORRECTION OFFICER,** | : |
| **SERGEANT S. JONES** | : |
| c/o George W. Hill Correctional Facility | : |
| 500 Cheyney Road | : |
| Thornton, PA 19373 | : |
| | : |
| and | : |
| | : |
| **CORRECTION OFFICER, JOHN DOE 1** | : |
| c/o George W. Hill Correctional Facility | : |
| 500 Cheyney Road | : |
| Thornton, PA 19373 | : |
| | : |
| And | : |
| | : |
| **CORRECTION OFFICER, JOHN DOE 2** | : |
| c/o George W. Hill Correctional Facility | : |
| 500 Cheyney Road | : |
| Thornton, PA 19373 | : |
| **Defendants.** | : |

---

4

## <u>CERTIFICATE OF SERVICE</u>

We, Robert M. DiOrio and Matthew H. Fry, attorneys for Defendant, hereby certify that a true and correct copy of the foregoing Notice of Removal was filed electronically via the Court's Electronic system on the date below and is available for viewing and download by all counsel of record.

Respectfully submitted:
**DiORIO & SERENI, LLP**

Date: <u>June 25, 2021</u>                    **BY:**    /s/Robert M. DiOrio
**ROBERT M. DIORIO, ESQ.**
Attorney ID No. 17838

/s/ Matthew H. Fry
**MATTHEW H. FRY, ESQ.**
Attorney ID No. 83131
21 West Front Street
P.O. Box 1789
Media, PA 19063
(610) 565-5700 (telephone)
(610) 891-0652 (facsimile)

5